UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>22-20170-CR-SCOLA</u>

UNITED STATES OF AMERICA

V.

GZUNIGA, LTD., et al.,

          **Defendants.**

_____/

**GOVERNMENT'S FIRST RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16 and is numbered to correspond with Local Rule 88.10.

    A.    1.    The government is aware of audio recordings made of a defendant herein. Those recordings were received pursuant to a Mutual Legal Assistance Treaty. The recording and additional discovery material, as noted, *infra*, will be loaded to an external hard drive if defendants wish a copy. The materials will require each defendant to provide a one terabyte hard drive to the undersigned AUSA as expeditiously as possible for that purpose.

           2.    The government is aware of oral statements made by a defendant in this matter, before arrest in response to interrogation by a person then known to the defendant to be a government agent. This occurred on two occasions. The conversations were memorialized in reports which will be provided per paragraph A.1, *supra*.

           3.    No defendant testified before the Grand Jury.

           4.    There are no NCIC records of prior convictions of the defendants herein.

|   |   |   |
|---|---|---|
|   | 5. | Books, papers, documents, additional photographs, and tangible objects, which the government intends to use as evidence at trial to prove its case in chief or were obtained from or belonging to the defendants may be inspected at a mutually convenient time at the Office of the United States Attorney, in the James Lawrence King Federal Justice Building, 99 N.E. 4TH Street, Suite 400, Miami, Florida 33132.  Please call the undersigned to set up a date and time that is convenient to all parties. **In light of the Court's Scheduling Order, D.E.-19, the undersigned will tentatively set the date for September 18, 2023 at 9:00 a.m.  Please call the undersigned with 48 hours-notice if you do not intend to review the evidence at this date and time.** |
|   | 6. | There were physical examinations or scientific tests, or experiments made in connection with this case. Handbags seized in connection with this matter were examined at the USFWS National Forensics Laboratory and determined to be fabricated from wildlife subject to Appendix II of the CITES convention. The reports will be provided per paragraph A.1, *supra*. |
| B. |   | DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10.    This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure. |
| C. |   | The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). |
| D. |   | There are promises of leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959). In *United States v. Paola Soto*, Case No. 22-20001-CR-ALTONAGA (SDFL), the United States concluded a plea agreement [D.E.-8] with the defendant therein that included her cooperation in this matter, and conferred benefits upon her, including a government-filed Rule 35 Motion [D.E.-29]. Additionally, in the case of *United States v. Eric Schneider*, Case No. 21-00645-CR-MMH (EDNY), the United States concluded a plea agreement with the defendant therein that included his cooperation in this matter, and conferred benefits upon him, including limiting the charges to a misdemeanor. |
| E. |   | Except as noted in Section "D," *supra*, there are no prior convictions of any alleged co-conspirator, accomplice or informants who will testify for the |

2

government at trial.

F. No defendant was identified in a line-up, show-up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. Contraband is involved in this indictment, consisting of seizures of items being illegally entered into the United States as noted in the Indictment. They may be examined by prior arrangement with undersigned counsel.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested

and the early resolution of which will expedite trial. These stipulations will be discussed at the Discovery Conference.

P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendants and defense counsel.

These include stipulations to the following facts:

> **GZUNIGA LTD., (GZUNIGA)** was at all relevant times a New York limited liability corporation that sold women's designer handbags (totes, purses, clutches, wallets) made of caiman or python skin under the brand name "Nancy Gonzalez."
>
> No Defendant or identified co-conspirator applied for or hold a valid CITES permit applicable to the merchandise identified in the counts of the Indictment.
>
> The merchandise identified in the overt acts of Count 1, and the merchandise identified in the substantive Counts 2 and 3 of the Indictment were fabricated from species of wildlife listed under Appendix II of the CITES convention.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

The materials being supplied with the service copy of this Response on electronic media should be readily accessible. If not, please contact undersigned counsel for assistance.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: /s/ Thomas A. Watts-FitzGerald
Assistant United States Attorney
Florida Bar No. 0273538
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961- 9413

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on September ___12th___, 2023,  I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                                /s/ Thomas A. Watts-FitzGerald
                                                     Assistant U.S. Attorney