# EXHIBIT 1



**U.S. Department of Justice**

Environment and Natural Resource Division

---

*Environmental Crimes Section*        *Telephone (202) 305-0321*
P.O. Box 7611        *Facsimile (202) 514-8865*
Washington, DC 20044

RJP
DJ #198-01870        December 29, 2021

**TO BE FILED UNDER SEAL**

By E-mail

Clerk of the Court
(for forwarding to randomly assigned United States District Judge)
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**1:21-cr-00645(MMH)**

       Re:      United States v. Eric R. Schneider

Dear Clerk of Court and Judge Donnelly:

       Pursuant to Local Rule 50.3.2, the government hereby notifies the Court that the above-captioned case United States v. Schneider is presumptively related to United States v. Soto, No. 20-CR-155 (AMD) ("Soto").

       Local Rule 50.3.2(b)(1) provides for a "presumption that one case is 'related' to another when the facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), even if different defendants are involved in each case." Local Rule 50.3.2(c)(1) directs the United States Attorney's Office to "give notice to all relevant judges whenever it appears that one case may be presumptively related to another pursuant to Section (b)(1)."

       This letter constitutes the notice directed by Local Rule 50.3.2(c)(1). This case is presumptively related because the facts of Schneider's case arise out of the same criminal scheme as charged in Soto. Specifically, Schneider was the General Manager of the showroom that received the sample caiman skin handbags that Soto and other conspirators smuggled into the United States. As the cases are thus presumptively related, the government respectfully submits that reassignment would be appropriate, as it would likely result in a significant savings of judicial resources and serve the interests of justice.

       The government also respectfully requests that this letter (as well as the related motions for leave to file the information in United States v. Schneider pursuant to Fed. R. Crim. Proc. 7(b)) be filed under seal. Revealing the existence of Schneider's cooperation would undermine ongoing investigations of serious crimes and prevent flight of other potential foreign defendants. See United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995) (need to protect the integrity of an ongoing investigation, including the safety of witnesses and law enforcement personnel, and to prevent interference, flight and other obstruction, may be compelling reason justifying sealing). Moreover, unsealing this letter, and thus revealing the defendant's cooperation at this juncture, will likely harm the ability of law enforcement to secure current and future cooperation from persons similarly situated to the defendants.

<u>United States v. Amodeo</u>, 71 F.3d 1044, 1050 (2d Cir. 1995). Under these circumstances, the government's countervailing interests in the integrity of an ongoing investigation and in securing future cooperation outweigh the public's qualified right to access. As the facts set forth above provide ample support for the specific, "on the record findings" necessary to support sealing, <u>Lugosch v. Pyramid Co.</u>, 435 F.3d 110, 120 (2d Cir. 2006), the government respectfully requests that the Court record those findings and file this letter under seal.

                                            Respectfully submitted,

                                            TODD KIM
                                            Assistant Attorney General
                                            Environment and Natural
                                            Resources Division

By:    /s/ *Richard J. Powers*
               Richard J. Powers
               Trial Attorney
               Environmental Crimes Section
               150 M Street, NE
               Washington, DC 20002
               richard.j.powers@usdoj.gov
               (202) 598-0405

cc:       Daniel J. Ollen (via electronic mail)